UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN E. CASTRO,

                Plaintiff,

    v.                                           Case No. 23-cv-1409-pp

DR. SMITH,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

John E. Castro, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant provided him inadequate dental care. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On November 13, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $9.03. Dkt. No. 6. The court received that fee on November 29, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

_Twombly_, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Id._ (citing _Twombly_, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. _D.S. v. E. Porter Cnty. Sch. Corp._, 799 F.3d 793, 798 (7th Cir. 2015) (citing _Buchanan–Moore v. County of Milwaukee_, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. _Cesal_, 851 F.3d at 720 (citing _Perez v. Fenoglio_, 792 F.3d 768, 776 (7th Cir. 2015)).

  B. The Plaintiff's Allegations

The complaint names Dr. Smith as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that Dr. Smith was negligent and committed medical malpractice. _Id._ at 2. The plaintiff says that on June 14, 2022, he "was involved in a recreational accident," and Sergeant Brunch (not a defendant) sent him to the Health Services Unit. _Id._ Dr. Murphy (not a defendant) examined, treated the plaintiff "for the lesions in [his] mouth" and referred him to Dr. Smith for further evaluation. _Id._ at 2–3.

The plaintiff alleges that he "explained the soreness in [his] jaw which led to Dr. Smith to order x-rays to be done." _Id._ at 3. Dr. Smith completed the

x-rays, examined them and explained that the plaintiff's "front four teeth on [his] upper jaw needed to be removed." Id. The plaintiff alleges that Dr. Smith "continued with the extraction procedure" and that "[his] jaw which was slightly fractured was then completely broken into multiple pieces." Id. The plaintiff says that "the tooth has been removed and is missing while [his] upper jaw is now protruding." Id. He claims that Dr. Smith "wrongly diagnose[d] [his] broken jaw by determining that [his] four front top teeth needed to be extracted for no actual medical purpose." Id. The plaintiff says he is "missing a tooth and ha[s] dental issues that are a result of this misdiagnosis and procedure." Id.

The plaintiff says he is suing under state law, that the citizenship of the parties is diverse and that he seeks $75,000 in damages against Dr. Smith "for medical malpractice." Id. at 4.

C.    Analysis

The court reviews the plaintiff's allegations about the medical treatment he received from Dr. Smith under the Eighth Amendment. Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendant was "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). "The standard of deliberate

4

indifference 'requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.'" Stewart v. Wexford Health Sources, Inc., 14 F.4th 757, 763 (7th Cir. 2021) (quoting Huber v. Anderson, 909 F.3d 201, 208 (7th Cir. 2018)). In the context of a claim of deliberate indifference against a medical provider, the subjective component requires the plaintiff to show that the medical professional's treatment decision was "so inadequate that it demonstrated an absence of professional judgment." Id. (quoting Johnson v. Dominguez, 5 F.4th 818, 826 (7th Cir. 2021)). Put another way,

> "[a] medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" [Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014)] (quoting Sain v. Wood, 512 F.3d 886, 894–95 (7th Cir. 2008)). "To infer deliberate indifference on the basis of a [medical professional's] treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006).

Id.

The court finds that the complaint alleges enough facts to satisfy the objective component of an Eighth Amendment claim. See McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (citing Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010)) (noting that allegations of grossly inadequate dental care may state a claim under the Eighth Amendment). But it does not allege enough for the court to infer that Dr. Smith was deliberately indifferent to the plaintiff's serious medical needs. The plaintiff says that Dr. Smith conducted an x-ray of his jaw when the plaintiff complained of soreness and determined that the

plaintiff's four front teeth needed to be removed. The plaintiff says that was incorrect, that Dr. Smith misdiagnosed his broken jaw and there was "no actual medical purpose" for removing the plaintiff's teeth. Dkt. No. 1 at 3. During the procedure, the plaintiff's jaw broke into pieces. The plaintiff says Dr. Smith wrongly diagnosed him, and his teeth did not need to be extracted. But mistakes happen, and the complaint alleges that Dr. Smith decided to extract the plaintiff's teeth after conducting tests and evaluating the results. That suggests he exercised his medical judgment but may simply have come to the wrong conclusion. "[W]ithout more, a mistake in professional judgment cannot be deliberate indifference." Whiting v. Wexford Health Sources, Inc., 839 F.3d 658, 662 (7th Cir. 2016); see Zaya v. Sood, 836 F.3d 800, 805 (7th Cir. 2016) ("By definition a treatment decision that's based on professional judgment cannot evince deliberate indifference because professional judgment implies a choice of what the defendant believed to be the best course of treatment.").

Dr. Smith's mistake could be considered deliberate indifference if he acted recklessly or incompetently. But that is not what the plaintiff alleges. He says Dr. Smith made a reasoned decision to extract the plaintiff's teeth after taking x-rays and examining the results. He then alleges that his jaw broke during the extraction process, but he does not say that was a result of Dr. Smith's incompetence or reckless disregard for his well-being. The plaintiff does not allege that Dr. Smith intentionally or needlessly broke his jaw. Nor does he allege that Dr. Smith ignored a known risk that the plaintiff's jaw would shatter

during the procedure. He merely alleges that it happened. It could be that the plaintiff's jaw worsening or breaking was an unavoidable risk or consequence of the procedure. The plaintiff accuses Dr. Smith of acting negligently and committing medical malpractice. But neither negligence nor medical malpractice is enough to support an Eighth Amendment claim. See Farmer, 511 U.S. at 835–36; Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The complaint might allege enough to allow the plaintiff to proceed under *state* law—both negligence and malpractice are *state-law* claims. But it does not state a violation of the plaintiff's federal or constitutional rights. Because the complaint does not state a federal claim, the court will not exercise supplemental jurisdiction over a possible claim under state law. See 28 U.S.C. §1367(c)(3).

The complaint as written does not state a *federal* claim under §1983. The plaintiff appears to realize that—he marked the box on page 4 of the complaint form stating that he was suing under state law. But for a *federal* court to decide a case based on *state* law, the parties must be citizens of different states. The plaintiff has alleged that he is a resident of Wisconsin and that Dr. Smith is a resident of Wisconsin. In that circumstance, a federal court cannot exercise jurisdiction over state-law claims like negligence and malpractice.

It is possible that the plaintiff may be able to provide additional facts that will state a *federal* claim for deliberate indifference. The court will give the

plaintiff an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list in the caption of the amended complaint all the defendants he wants to sue. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendant he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **January 31, 2024**. If the court receives an amended complaint by that deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$340.97** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**