UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN E. CASTRO,

                    Plaintiff,

    v.                                     Case No. 23-cv-1409-pp

DR. SMITH,

                    Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 8)**

On January 3, 2024, the court screened plaintiff John E. Castro's *pro se* complaint under 42 U.S.C. §1983 and determined that it did not state a federal claim. Dkt. No. 7. The court explained that the complaint alleged only state law claims of negligence and medical malpractice, on which the plaintiff cannot proceed in federal court because he and the defendant are residents of the same state. Id. at 7. The court gave the plaintiff an opportunity to amend his complaint "to provide additional facts that will state a *federal* claim for deliberate indifference." Id. (emphasis in original).

On January 26, 2024, the court received the plaintiff's amended complaint. Dkt. No. 8. This order screens the amended complaint.

I.    **Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

As the court explained in the previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The

court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by

Case 2:23-cv-01409-PP   Filed 03/11/24   Page 2 of 7   Document 9

plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

      B.    <u>The Plaintiff's Allegations</u>

The amended complaint, like the original, names Dr. Smith as the only defendant. Dkt. No. 8 at 1. The allegations in the amended complaint also are the same as in the original, with a few additional details.

The plaintiff says that on June 15, 2022, he "was involved in a recreational accident" that "led [him] to having pain in [his] upper jaw and severe lacerations to [his] upper lip." <u>Id.</u> at 2. The plaintiff reported his injuries to his unit sergeant (not a defendant), who sent him to the Health Services Unit. <u>Id.</u> The plaintiff described his injuries to a nurse, who referred him to Dr. Murphy (not a defendant). <u>Id.</u> The plaintiff "again explained what happened and again brought up the worsening pain in [his] upper jaw." <u>Id.</u> at 2–3. Dr. Murphy cleaned up the blood on the plaintiff and stitched his lacerations on the inside and outside of his lip. <u>Id.</u> at 3.

The plaintiff then saw Dr. Smith. <u>Id.</u> The plaintiff alleges that he "again explained what happened in detail and about the now severe pain in [his] upper jaw." <u>Id.</u> Dr. Smith ordered x-rays, which the plaintiff says "must have clearly shown a fracture in [his] upper jaw." <u>Id.</u> He alleges that, "[i]nstead of thoroughly examing [*sic*] and/or completely ignoring the x-rays and consulting Dr. Murphy about [his] serious medical need, Dr. Smith recklessly proceeded to begin extracting [the plaintiff's] teeth for no medical purpose." <u>Id.</u> The plaintiff

alleges that after Dr. Smith extracted the first tooth from his upper jaw, the pain "went from being severe to now being extreme and unbareable [*sic*]." Id. He says the pain worsened because his "jaw was now broken into multiple pieces." Id. The plaintiff "was then sent to a Trauma Center outside of the Prison." Id. But before he left, Dr. Smith "attempted to move [his] teeth to their original position by hand which left [the plaintiff] with an extreme overbite." Id.

The plaintiff asserts that because of Dr. Smith's "recklessness and/or incompetence [his] jaw was wired and [his] bottom row teeth were grinded down to be able to close [his] mouth correctly because of the disfigurement of [his] upper jaw." Id. The plaintiff asserts that his condition "is a direct result of Dr. Smith's actions." Id. He claims Dr. Smith was deliberately indifferent to his jaw injury. Id. He seeks $750,000 in damages. Id. at 4.

C.    Analysis

As the court explained in the previous order, the court reviews the plaintiff's allegations about Dr. Smith's dental treatment under the Eighth Amendment. Dkt. No. 7 at 4 (citing Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019); and Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendant was "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). "The standard of deliberate indifference 'requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is,

ignored a known risk.'" Stewart v. Wexford Health Sources, Inc., 14 F.4th 757, 763 (7th Cir. 2021) (quoting Huber v. Anderson, 909 F.3d 201, 208 (7th Cir. 2018)). In the context of a claim of deliberate indifference against a medical provider, the subjective component requires the plaintiff to show that the medical professional's treatment decision was "so inadequate that it demonstrated an absence of professional judgment." Id. (quoting Johnson v. Dominguez, 5 F.4th 818, 826 (7th Cir. 2021)).

The court previously determined that the plaintiff's allegations about his inadequate dental care satisfied the objective component of an Eighth Amendment claim. Dkt. No. 7 at 5 (citing McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010); and Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010)). The court reaches that same conclusion about the allegations in the amended complaint, which are effectively the same as those in the original complaint.

The court also finds that the amended complaint, unlike the original complaint, satisfies the subjective component. The amended complaint reiterates the allegation from the original that Dr. Smith extracted the plaintiff's teeth "for no medical purpose," which caused his jaw to break into pieces. Dkt. No. 8 at 3; see Dkt. No. 1 at 3. The court previously explained that "mistakes happen, and the complaint alleges that Dr. Smith decided to extract the plaintiff's teeth after conducting tests and evaluating the results." Dkt. No. 7 at 6. But unlike the original complaint, the amended complaint alleges that Dr. Smith failed to consult with Dr. Murphy or thoroughly examine the plaintiff and review his x-rays before extracting his teeth. The amended complaint

5

newly alleges that Dr. Smith acted with "recklessness and/or incompetence" when he decided to extract the plaintiff's teeth. Dkt. No. 8 at 3. The court suspects that the plaintiff added these terms to the amended complaint because the court had said in the previous order that "Dr. Smith's mistake could be considered deliberate indifference if he acted recklessly or incompetently." Dkt. No. 7 at 6. The amended complaint also newly suggests that the plaintiff's x-rays "must have clearly shown a fracture in [his] upper jaw." Dkt. No. 8 at 3. The court suspects that the plaintiff added this allegation in response to the court noting in the previous order that the original complaint did not allege "that Dr. Smith ignored a known risk that the plaintiff's jaw would shatter during the procedure." Dkt. No. 7 at 6–7. If the x-rays "clearly" showed a fracture in the plaintiff's jaw, then Dr. Smith may have acted recklessly if he nonetheless decided to extract the plaintiff's teeth. The amended complaint also says that Dr. Smith "completely ignor[ed] the x-rays." Dkt. No. 8 at 3. But if that is true, then it may suggest Dr. Smith was indifferent to a *potential* risk that the plaintiff's jaw pain was a symptom of a larger problem, such as a fracture in his jaw that might cause more significant damage if he tried to extract the plaintiff's teeth.

Accepting the allegations in the amended complaint as true, the court concludes that the amended complaint states an Eighth Amendment claim of deliberate indifference against Dr. Smith for providing inadequate dental treatment.

## II.    Conclusion

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendant Dr. Smith at Waupun Correctional Institution. Under the informal service agreement, the court **ORDERS** the defendant to respond to the amended complaint within 60 days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court reminds the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The court reminds the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 11th day of March, 2024.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge