UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN E. CASTRO,

    Plaintiff,

  v.            Case No. 23-cv-1409

MARIA PUNLA SMITH,

    Defendant.

## DECISION AND ORDER

  Plaintiff John Castro, an inmate at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on an Eighth Amendment claim based on allegations that Defendant Dr. Maria Punla Smith provided constitutionally inadequate dental care. On July 8, 2024, Dr. Smith filed a motion for summary judgment on the ground that Castro failed to exhaust the administrative remedies before initiating this action. Dkt. No. 17. For the reasons explained below, the Court concludes that an evidentiary hearing is necessary to resolve Dr. Smith's motion.

## BACKGROUND

  On March 27, 2023, the institution complaint examiner (ICE) received an inmate complaint from Castro complaining that Dr. Smith broke his jaw while improperly extracting a tooth. The ICE recommended dismissal of the inmate complaint, and on May 9, 2023, the reviewing authority dismissed the complaint. According to Dr. Smith, Castro did not appeal the dismissal, but Castro asserts that he signed an appeal on May 15, 2023 and gave it to prison authorities in a stamped envelope to be mailed to the correctional complaint examiner (CCE). Dkt. No. 20-2 at 8-9; Dkt. No. 24 at ¶11; Dkt. No. 23 at ¶¶17-20.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

The Prison Litigation Reform Act, which applies to this case because Castro was a prisoner when he initiated this lawsuit, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must pursue each step in the administrative

process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (when a prisoner does not follow procedures his remedies are forfeited, not unavailable). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

**1. A factual dispute exists regarding whether Castro filed an appeal.**

In Wisconsin, to exhaust administrative remedies, an inmate must file an inmate complaint through the inmate complaint review system, as outlined in Wis. Admin. Code § DOC 310. There is no dispute that Castro timely filed an inmate complaint, and Castro does not dispute that the reviewing authority dismissed his complaint on May 9, 2023. Under § DOC 310.12(1), an inmate may appeal the dismissal of his inmate complaint within fourteen days. Accordingly, Castro was required to appeal the dismissal by May 23, 2024.

Dr. Smith asserts that the CCE never received an appeal from Castro. *See* Dkt. No. 27 at ¶8. But Castro states under penalty of perjury that he signed an appeal on May 15, 2023, and placed it in an envelope addressed to the CCE. Castro further states that he gave the appeal to prison authorities for mailing. He explains that he has no control over his mail once he gives it to prison authorities. Dkt. No. 23 at ¶¶17-21. *Taylor v. Ribault,* No. 22-CV-206-JDP, 2023 WL 4131535, at *3 (W.D. Wis. June 22, 2023)(ordering a *Pavey* hearing and noting "[d]eclarations, even somewhat vague and self-serving ones, are evidence.") (citation omitted). Therefore, a material dispute of fact exists over whether Castro timely appealed the dismissal of his inmate complaint.

**2. Dr. Smith has not shown that Castro failed to comply with the regulations.**

Dr. Smith argues that, even if Castro's first appeal got lost in the mail, he should have followed up after not receiving a receipt in response to his appeal. But, while § DOC 310.10(4) requires the ICE to provide a written receipt that an *inmate complaint* has been received, no

3

provision requires the CCE to provide a written receipt that an *appeal* has been received.[1] *Compare* § DOC 310.10(4) *and* § DOC 310.12. Given that the regulations do not require the CCE to provide a receipt, Castro had no reason to suspect that his appeal had not been received in the face of the CCE's silence. *But* s*ee Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019) (holding that, because the 2014 regulations required the CCE to provide a receipt of the appeal, the plaintiff was "obliged to regard the absence of receipt as a red flag").[2] And, given that Castro had not previously appealed an inmate complaint, he could not have known that, notwithstanding no requirement to do so, it was the CCE's practice to issue a receipt.[3]

"Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016) (citations omitted). Simply put, Dr. Smith's argument that Castro should have acted in response to the lack of a receipt that the CCE was under no obligation to provide is without merit. "The Prison Litigation Reform Act was not meant to impose the rule of 'heads we win, tails you lose' on prisoner suits." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) (overruled on other grounds).

**3. Castro's argument that the administrative remedies were unavailable is without merit.**

Alternatively, Castro asserts that he was not required to file an appeal because the ICE rendered the administrative remedies "unavailable" when he stated that "[n]o determination can

---

[1] The 2014 version of the regulations included a requirement that the CCE provide a receipt of the appeal to the inmate, *see* § DOC 310.13(4), but this requirement is not included in the current version, which was in effect at the relevant time.

[2] In fact, § DOC 310.13 contemplates that an inmate may not even receive a decision (let alone a receipt) on his appeal, noting that an inmate who does not receive a final written decision within 90 days of the receipt of his appeal, shall consider the administrative remedies to be exhausted.

[3] Dr. Smith's argument that Castro's failure to appeal two prior inmate complaints proves that he did not appeal this inmate complaint is without merit. Inmates may but are not required to appeal dismissals of their inmate complaints. Castro may have decided not to appeal the two prior inmate complaints for any number of reasons.

be made with respect to the claims in the complaint, as it is arguably beyond the ICE's authority." Dkt. No. 20-2 at 2-3. Dr. Smith did not address Castro's argument, but it is clearly without merit. The ICE's determination that Castro's claims could not be addressed is itself appealable, and Castro was required to raise his disagreement to the CCE. In fact, included at the bottom of the reviewing authority's decision was the instruction that, "[a] complainant dissatisfied with a decision, may within 14 days after the date of the decision, appeal that decision by filing a written request for review with the [CCE]." Dkt. No. 20-2 at 4. Therefore, Castro's assertion that it was unclear whether an appeal was necessary is not supported by the record. *See also Ross v. Blake*, 578 U.S. 632, 644 (2016) ("When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion.").

**4. An evidentiary hearing is necessary to resolve Dr. Smith's motion.**

The Seventh Circuit has instructed that, when there are questions of fact regarding whether a prisoner exhausted the available administrative remedies, a court must conduct an evidentiary hearing to resolve the issue. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). At the hearing, the court "may hear evidence, find facts, and determine credibility. After finding facts, the district court may allow the claim to proceed or dismiss it for failure to exhaust." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citations omitted). Given the dispute over whether Castro timely appealed the dismissal of his inmate complaint, the Court finds that an evidentiary hearing is necessary to resolve Dr. Smith's motion.

The clerk's office is directed to schedule an evidentiary hearing to be conducted by Zoom at the parties' earliest convenience. The parties are **ORDERED** to file exhibits not already in the record that they plan to rely on during the hearing at least **seven days** prior to the hearing. Based on Castro's filings to date, the Court finds he is capable of representing himself at the hearing.

5

Finally, the Court **STAYS** the discovery deadline and **VACATES** the dispositive motion deadline. The Court will set new case deadlines, if necessary, following the resolution of Dr. Smith's motion for summary judgment on exhaustion grounds. Prior to the hearing, the parties may attempt to resolve the action informally or request mediation conducted by a magistrate judge.

      **SO ORDERED** in Milwaukee, Wisconsin this 20th day of September, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge