UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN E. CASTRO,

          Plaintiff,

         v.                                           Case No. 23-cv-1409

MARIA PUNLA SMITH,

          Defendant.

---

## DECISION AND ORDER

---

Plaintiff John Castro, an inmate at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on an Eighth Amendment claim based on allegations that Defendant Dr. Maria Punla Smith provided constitutionally inadequate dental care. On July 8, 2024, Dr. Smith filed a motion for summary judgment on the ground that Castro failed to exhaust the administrative remedies before initiating this action. Dkt. No. 17. On September 20, 2024, the Court concluded that an evidentiary hearing was necessary to decide whether Castro exhausted the available administrative remedies. Dkt. No. 28. The parties appeared for the hearing about a month later, on October 30, 2024. For the reasons explained below, the Court will grant Defendant's motion and dismiss this case without prejudice.

### BACKGROUND

The parties agree that Castro timely filed an inmate complaint on March 27, 2023, asserting that Dr. Smith broke his jaw while improperly extracting a tooth. The inmate complaint was dismissed on May 9, 2023. At the evidentiary hearing, Corrections Complaint Examiner Emily Davidson explained that to properly appeal, Castro was required to mail his appeal to the corrections complaint examiner's office in Madison within fourteen days of the dismissal. She

further explained that, when an appeal is received, her office stamps the appeal with the date received and scans the appeal into the Inmate Complaint Tracking System where all inmate complaints are electronically maintained. The Inmate Complaint Tracking System then auto-generates a receipt that is delivered to the inmate. Ms. Davidson explained that her review of the Inmate Complaint Tracking System confirmed that her office has never received an appeal from Castro of any dismissal, including the one at issue in this case. She noted, however, that on January 26, 2024, eight months after Castro's inmate complaint was dismissed, the institution complaint examiner at Oshkosh received and returned an attempted appeal to Castro, informing him that appeals must be mailed to the corrections complaint examiner in Madison. *See* Dkt. No. 20-1.

As he did in response to Defendant's summary judgment motion, Castro insisted at the hearing that he prepared an appeal of the dismissed inmate complaint on May 15, 2023. *See* Dkt. No. 23-1. He stated that he put the appeal in a stamped envelope and then deposited the envelope in the outgoing-mail box. When asked about the attempted appeal that was returned to him in January 2024, he explained that, after this case had been going for some time, he wondered why he had never heard anything in response to his appeal, so he completed a second appeal form, which he sent to the institution complaint examiner and the warden. He stated that he wanted to make sure he had sent the first appeal to the right place. Castro noted that he assumed the first appeal had been rejected because the inmate complaint examiner suggested in the dismissal that Castro's claim may be beyond the inmate complaint examiner's authority. *See* Dkt. No. 20-2 at 2.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

## ANALYSIS

As previously explained, the Prison Litigation Reform Act provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). To properly exhaust administrative remedies, prisoners must pursue each step in the administrative process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (when a prisoner does not follow procedures his remedies are forfeited, not unavailable). The administrative remedies available to prisoners in the custody of Wisconsin are outlined in Wis. Admin. Code § DOC 310. To exhaust the administrative remedies, a prisoner must first file an inmate complaint consistent with the requirements in § DOC 310.07. If a prisoner is displeased with the decision at the institution level, the prisoner may appeal the decision to Madison within fourteen days, consistent with the requirements in § DOC 310.09. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).

Whether Castro complied with these procedures in a timely fashion turns exclusively on the issue of his credibility. The Court does not credit Castro's statements that he timely submitted an appeal on May 15, 2023, and then eight months later submitted a "second" appeal merely to confirm he had submitted the "first" appeal. First, although the court understands that sometimes things do get lost in the mail, as a general principle it is more likely that the purported sender simply never sent the missive in question. Second, the appeal Castro *did* file (some eight months late) makes no mention of Castro's concern that his "first" appeal had not been properly submitted or had been rejected. It defies reason that Castro would be motivated by a concern about his "first" appeal but then make no mention of that concern in his "second" appeal. Third, after the inmate

3

complaint examiner and warden both confirmed that all appeals must be mailed to the corrections complaint examiner, Castro made no efforts to contact the corrections complaint examiner to confirm the receipt of his "first" appeal or to inquire why he never received a decision in response to his "first" appeal. The only reasonable inference explaining Castro's failure to follow up with the corrections complaint examiner is that Castro knew no confirmation could be provided because he never filed a "first" appeal in the first place. In sum, I conclude that it is far more likely that Castro simply failed to file a timely appeal in this action than that the prison lost his appeal. Having found that Castro failed to appeal the dismissal of his inmate complaint as required by § DOC 310.09, the Court concludes that Defendant is entitled to summary judgment based on Castro's failure to exhaust the available administrative remedies.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 17) is **GRANTED** and this action is **DISMISSED** without prejudice. The clerk of court is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 5th day of November, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.